UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60438-CIV-COHN/SELTZER

BERNARD CAMPBELL, an
individual and Florida resident,

    Plaintiff,

v.

HOME DEPOT USA, INC., a Delaware
Corporation, STEVE ROSS, an individual
and Florida resident, and JOHN RODE, an
individual and Florida resident,

    Defendants.

_____/

## ORDER GRANTING MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff Bernard Campbell's Motion to Remand [DE 7] ("Motion to Remand").  The Court has considered the Motion to Remand, Defendant Home Depot U.S.A., Inc.'s ("Home Depot's") Response to Order to Show Cause [DE15], the record in this case, and is otherwise advised in the premises.

On January 19, 2011, Plaintiff, a Florida resident, brought this action against Home Depot in the Seventeenth Judicial Circuit Court in and for Broward County, Florida.  See Notice of Removal [DE 1].  On March 1, 2011, Home Depot removed the case to this Court based on diversity jurisdiction.  See Notice of Removal.  Thereafter, on March 18, 2011, Plaintiff filed an Amended Complaint [DE 6], adding Defendants Steve Ross and John Rode, at least one of whom is a Florida resident.[1]  Mot. ¶ 6.  The same day, Plaintiff moved to remand this case based on lack of diversity.  See Mot.

---

[1] The amendment was made as a matter of course within twenty-one days of Home Depot filing its Answer [DE 5].  See Fed. R. Civ. P. 15(a)(1)(B).

Federal courts are courts of limited jurisdiction.  See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008).  Federal subject matter jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties.  See 28 U.S.C. §§ 1331-1332.  The instant case does not involve a question of federal law.  Accordingly, the Court may hear the case only if diversity jurisdiction exists.

Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332; see also Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994); Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer, 22 F.3d at 1564.

The amendment adding Defendants Ross and Rode to this action destroyed complete diversity, because at least one Defendant now shares the same citizenship as Plaintiff.  Thus, Plaintiff requests that the Court remand this case to state court.  See Mot. ¶¶ 8-9.  In its Response, Home Depot states, "The subsequent naming of these Defendants defeats total diversity.  Accordingly, Defendant does not now oppose Plaintiff's Motion to Remand."  Resp. at 1.  The Court agrees that complete diversity does not exist, and therefore finds that it does not have subject matter jurisdiction over this case.  It is thereupon

    **ORDERED AND ADJUDGED** as follows:

1.    Plaintiff Bernard Campbell's Motion to Remand [DE 7] is hereby **GRANTED**;

2. This case is hereby **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, for lack of subject matter jurisdiction;

3. The Clerk of this Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 11-01374 (18).

4. All pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 6th day of April, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF